# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | ) | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Thomas John Ballard | ) | Case No. 21-mj-539 |
| | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C.
      § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the
      Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act
      (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a)
      through (c) of this paragraph, or two or more State or local offenses that would have been offenses
      described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal
      jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
      **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C.
    § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to
    Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was
    committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the
    defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❒ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❒ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❒ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❒ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❒ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
❒ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

    ❐ History of violence or use of weapons
    ❐ History of alcohol or substance abuse
    ❐ Lack of stable employment
    ❐ Lack of stable residence
    ❐ Lack of financially responsible sureties
    ❐ Lack of significant community or family ties to this district
    ❐ Significant family or other ties outside the United States
    ❐ Lack of legal status in the United States
    ❐ Subject to removal or deportation after serving any period of incarceration
    ❐ Prior failure to appear in court as ordered
    ❐ Prior attempt(s) to evade law enforcement
    ❐ Use of alias(es) or false documents
    ❐ Background information unknown or unverified
    ❐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See Attachment.




Nature and circumstances of offense:

See Attachment.




The strength of the government's evidence:

See Attachment.

The defendant's history and characteristics, including criminal history:

See Attachment.

The defendant's dangerousness/risk of flight:

See Attachment.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:  08/20/2021

BERYL A. HOWELL
Chief Judge, United States District Court
for the District of Columbia

*United States v. Ballard*, 21-MJ-539

**ATTACHMENT TO ORDER OF DETENTION PENDING TRIAL, PART III. C:**
**Consideration of Defendant's evidence/arguments for release and**
**18 U.S.C. § 3142(g) Factors**

(1) **The Nature and Circumstances of the Offense**:

The nature and circumstances of the offense weigh heavily in favor of detention. Defendant is charged with five felonies and three misdemeanor offenses, Criminal Compl. ("Compl."), ECF No. 1, based on his alleged offense conduct, on January 6, 2021, of engaging in a sustained physical assault, using multiple objects and projectiles, for a prolonged period of almost 15 minutes against a defensive line of police officers trying to bar rioters from entering the U.S. Capitol Building through an archway located in the Lower West Terrace. Statement of Facts ("SOF") at 3–4, ECF No. 1-1. After breaching secured areas surrounding the Capitol with a crowd of rioters and advancing to the Lower West Terrace of the Capitol, defendant placed himself at the front of mob and proceeded to use at various times to attack and distract law enforcement officers protecting a Capitol entrance: a police baton, a long pole, a large tabletop, pieces of wood, a strobe light and other projectiles, . *Id*.

The government proffers—and has presented video evidence showing—that defendant carried out a sustained assault on law enforcement lasting almost fifteen minutes.[1] At approximately 2:47 PM, publicly available video footage shows defendant throwing a tabletop at a line of police officers. SOF at 3–4; Gov't's Ex. 1B. Then, at approximately 2:50 PM, body-worn camera footage from one of the officers guarding the archway shows defendant striking the officers with a baton, SOF at 5; Gov't's Ex. 1C, and another video shows defendant, shortly thereafter, using a strobe light in an apparent attempt to disorient the officers, Gov't's Mot. for

---

[1] The government provided six video exhibits directly to the Court and filed a Notice of Filing of Items Incompatible with CM/ECF Filing, ECF No. 8, describing the videos. The government was then directed, with the consent of the parties, to make the video exhibits publicly available using the "drop box" technical solution described in Standing Order 21-28, *In re: Media Access to Video Exhibits in Pretrial Capitol Cases*. *See* Min. Order (Aug. 18, 2021).

Review and Appeal of Release Order ("Gov't's Mot.") at 7, ECF No. 6; Gov't's Ex. 1G. Then, at 4:59 PM, defendant is captured on video breaking up a large piece of wood and throwing the pieces at the officers. Gov't's Mot. at 9; Gov't's Ex. 1H. Finally, at 5:00 PM, footage from the Capitol's CCTV system shows defendant throwing a pole at the officers. Gov't's Mot. at 10; Gov't's Ex. 1I.

As a result of this offense conduct, as noted, defendant is charged with five serious felony offenses. Specifically, he is charged with (1) forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with any person designated in 18 U.S.C. §1114 while engaged in or on account of the performance of official duties, in violation of 18 U.S.C. § 111(a)(1) and (b), which offense carries up to 20 years imprisonment; (2) committing or attempting to commit any act to obstruct, impede, or interfere with any law enforcement officer lawfully engaged in the lawful performance his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects the performance of any federally protected function, in violation of 18 U.S.C. § 231(a)(3), which offense carries up to 5 years imprisonment; (3) knowingly entering or remaining in any restricted building or grounds without lawful authority while using or carrying a deadly or dangerous weapon in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A), which offense carries up to 10 years imprisonment; (4) knowingly, and with intent to impede or disrupt the orderly conduct of government business or official functions, engaging in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct in fact impedes or disrupts the orderly conduct of government business and official functions in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A), which offense also carries up to 10 years imprisonment; and (5) knowingly engaging in any act of physical violence against any person or property in any

restricted building or grounds in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A), which offense also carries up to 10 years imprisonment. The government proffers that, given the manner of defendant's aggressive use, each of the following objects qualifies as a dangerous weapon: the police baton, the long pole, the large tabletop, the pieces of wood. Rough Hr'g Tr. (Aug. 18, 2021) at 6:9–21.

Defendant is alleged to have engaged in some prior planning for violence, *United States v. Chrestman*, Case No. 21-mj-218 (ZMF), 2021 U.S. Dist. LEXIS 36117, at *22 (D.D.C. Feb. 26, 2021), by bringing a gas mask to the riot. *See* Gov't's Mot. at 13. While possession of a gas mask is not unlawful and might be used for non-violent defensive purposes, *see* Def.'s Opp'n to Gov't's Mot. for Review and Appeal of Release Order at 3, ECF No. 10, the fact that defendant brought the gas mask and then engaged in violent confrontation with law enforcement indicates that its intended use was not benign.

Defendant did not enter the Capitol building, *Chrestman*, 2021 U.S. Dist. LEXIS 36117, at *23, nor apparently coordinate with other riot participants "before, . . . or after the riot," *id*. Defendant did coordinate with other rioters during the attack by positioning himself at the front of the mob where he was able to use directly against the police the long pole, which had been passed to the front from rioters in the crowd and, in so doing, "assumed . . . a *de facto* leadership role in the assault," *id.* at *23. Defendant's "confront[ation with] . . . law enforcement," *id.* at *24, including his "attempt[s] to injure" an entire line of officers at whom he thew objects and struck with a police baton, *id.* at *23, demonstrates defendant's willingness to engage in aggressive and violent conduct towards police officers in order to pursue his own political views. The D.C. Circuit has instructed that "those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or

coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." *United States v. Munchel*, 991 F.3d 1273, 1284 (D.C. Cir. 2021). This defendant falls within the "different category" of January 6 defendants identified in *Munchel* by virtue of having physically assaulted police officers in attempting to overwhelm a police line and gain entry to the Capitol building. By contrast, the defendants in *Munchel*, though carrying a dangerous weapon (taser) inside the Capitol, did not activate the weapon, vandalize any property or physically harm any person. *Id*.

The nature and circumstances of defendant's offense conduct weigh heavily in favor of pretrial detention.

**(2) The Weight of the Evidence Against the Person:**

The weight of the evidence against the defendant also strongly favors pretrial detention. The government has presented six videos and numerous photos showing defendant engaging in the offense conduct underlying the charges against him, including his sustained assault on police officers. SOF at 3–5; Gov't's Exs. 1A, 1B, 1C, 1G, 1H, and 5. The videos, and screenshots taken from the videos, clearly show defendant engaging in the assault described above. The government has also presented a picture of defendant throwing a pole at police officers, in which defendant's face is clearly visible. Gov't's Mot. at 10.

(3) **The History and Characteristics of the Person**:

The history and characteristics of the defendant weigh in favor of release. Defendant is 35 years old and has very close ties to the Fort Worth area, where he has lived for 14 years. N.D. Tex. Pretrial Servs. Report at 1–2. He has been employed at a Domino's Pizza Supply Chain Center for over four years, and runs a motorcycle tire business. *Id*. He has lived at his current residence with his girlfriend for almost three years*,* appears to be financially stable and has no

significant history of substance abuse. *Id.* at 2–4. Defendant's community ties and employment certainly weigh in his favor and provide some assurance that he does not present a risk of flight.

Defendant has two prior convictions, a felony for evading arrest in 2010 and a misdemeanor for unlawful carrying of a weapon in 2013. *Id.* at 4. The convictions—particularly the one for evading arrest—raise concern, but they both occurred over eight years ago. In addition, defendant has a history of being a member of a Texas militia group, but the government's proffer was very limited on this aspect of defendant's history, and he both owns and regularly carries a firearm.

Taken together, these considerations relevant to this factor weigh against pretrial detention.

**(4) The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Person's Release:**

The nature and seriousness of the danger to the community posed by the defendant's release weigh in favor of detention. Defendant was part of the mob attack on the Capitol in which many people, including police officers, suffered grievous injury and Congress's constitutional task of counting electoral college votes was disrupted and delayed for hours. He was an active participant at the front of the mob facing off against the police and engaging in a prolonged and persistent assault on the law enforcement line on the Lower West Terrace of the Capitol grounds, attempting to breach the line and gain access to the Capitol Building. His aggressive persistence in this attack is reflected in the multiple items defendant used during this attack, including a baton, Gov't's Ex. 1C; a pole, Gov't's Ex. 1I; a table top, Gov't's Ex. 1B; a large piece of wood board, Gov't's Ex. 1H, and a strobe light, Gov't's Ex. 1G, all directed toward harming the police.

The facts of this case make clear that defendant's dangerousness is not limited to "the particular circumstances of January 6." *Munchel*, 991 F. 3d at 1283. Defendant's sustained violent conduct toward law enforcement on January 6, coupled with his criminal history, albeit minor, demonstrate willful disrespect for the law and willingness to use force to achieve political ends, raising serious concerns about the danger that defendant poses if released pending trial and makes plain that the danger he presents is not isolated to the context of the events of January 6.

This factor weighs in favor of detention.