UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal No. 21-cr-00553-RJL |
| | : |
| THOMAS JOHN BALLARD | : |
| | : |
| Defendant. | : |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Thomas John Ballard, by and through his attorneys, Michael E. Lawlor, Nicholas G. Madiou, and Brennan, McKenna & Lawlor, Chtd., submits this memorandum in support of the arguments to be presented at the time of sentencing.

This memorandum focuses on Mr. Ballard's personal history and characteristics, his genuine acceptance of responsibility, the time he has served, and his plans for the future. Mr. Ballard asks this Court to consider these and other factors presented when imposing a just and fair sentence in this case. Specifically, Mr. Ballard respectfully asks this Court to impose a sentence below the advisory guidelines range applicable in this case.

I.  **Introduction**

On September 1, 2021, Mr. Ballard was charged in an eight-count criminal Indictment for offenses related to the storming of the U.S. Capitol on January 6, 2021.

1

Then, on May 18, 2022, Mr. Ballard was charged by way of a ten-count Second Superseding Indictment, charging him with Civil Disorder, in violation of 18 USC § 231(a)(3) ("Counts One and Two"); Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. § 1512(c)(2) and (2) ("Count Three"); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 USC § 111(a)(1) ("Count Four"); Assault, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 USC § 111(a)(1) and (b) ("Count Five"); Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 USC § 1752(a)(1) and (b)(1)(A) ("Count Six"); Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 USC § 1752(a)(2) and (b)(1)(A) ("Count Seven"); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 USC § 1752(a)(4) and (b)(1)(A) ("Count Eight"); Disorderly Conduct in a Capitol Building, in violation of 40 USC § 5104(e)(2)(D) ("Count Nine"); and Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 USC § 5104(e)(2)(F) ("Count Ten").

On July 12, 2023, Mr. Ballard appeared before this Honorable Court, and pleaded guilty to Count Five of the Second Superseding Indictment, Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of

18 USC § 111(a)(1) and (b). (Plea Agreement, ECF No. 67; Statement of Offense, ECF No. 68; Waiver of Trial by Jury, ECF No. 69.)

Sentencing is currently scheduled for December 13, 2023. Mr. Ballard was originally arrested on August 10, 2021 in Fort Worth, Texas. Thus, at the time of sentencing, Mr. Ballard will receive 2 years, 4 months, and 4 days of credit for time served in this matter.

Mr. Ballard respectfully submits this memorandum in support of his request for a sentence below the advisory guidelines range in this case.

## II. Sentencing Guidelines Calculation

### A. Criminal History

The presentence investigation report ("PSR") assesses Mr. Ballard one criminal history point. As a result, Mr. Ballard is properly designated in Criminal History Category I.

### B. Offense Level Computation and Calculation of the Advisory Sentencing Guidelines Range

According to the plea agreement, as well as the PSR, the parties agree that the offense level computation in this case is as follows:

| | |
|---|---|
| Base Offense Level (U.S.S.G. §2A2.2 (a)): | 14 |
| Use of a Dangerous Weapon (U.S.S.G. §2A2.2 (b)(2)(B)): | +4 |
| Conviction under 18 U.S.C. § 111(b) (U.S.S.G. §2A2.2 (b)(7): | +2 |
| Official Victim (U.S.S.G. §3A1.2 (b)): | +6 |

    Acceptance of Responsibility (USSG §3E1.1):                       -3

    Total Adjusted Offense Level:                                       23

With a total adjusted offense level of 23, and a Criminal History Category of I, Mr. Ballard's advisory sentencing guidelines range for this offense is 46 to 57 months of imprisonment. For the reasons set forth throughout this memorandum, Mr. Ballard respectfully asks this Court to impose a variant sentence below that guidelines range.

### III.    A Reasonable Sentence in this Case

The Supreme Court has said that the cornerstone of federal sentencing is that the sentencing judge "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Pepper v. United States*, 562 U.S. 476, 487 (2011) (*quoting Koon v. United States*, 518 U.S. 81, 113 (1996)). After properly calculating the appropriate Advisory Guidelines range, this Court must consider all of the factors set forth at 18 U.S.C. § 3553(a) and undertake "an individualized assessment" of the case based on the facts presented. *United States v. Akhigbe*, 642 F.3d 1078, 1084 (D.C. Cir. 2011) (citing *Gall v. United States,* 552 U.S. 38, 49 (2007)). In the sentencing context, the United States Court of Appeals for the District of Columbia Circuit gives "due deference" to a district court's fact-specific determinations and application of the Advisory Guidelines to the facts of

each case, "a standard which reflects the recognition that the district courts should be afforded some flexibility in applying the guidelines to the facts before them." *United States v. Olejiya*, 754 F.3d 986, 990 (D.C. Cir. 2014) (citations omitted).

Here, when considering all relevant factors, a sentence below the advisory guidelines range is sufficient punishment for Mr. Ballard's criminal conduct without being greater than necessary.

### A. *Mr. Ballard's Personal History*

In 18 U.S.C. § 3553(a)(1), Congress has directed that district courts consider a criminal defendant's "history and characteristics" to determine whether a sentence is sufficient, but not greater than necessary to promote the purposes of sentencing. *United States v. Holmes*, No. CR 02-24, 2021 WL 1518336, at *9 (D.D.C. Apr. 16, 2021). The United States Court of Appeals for the District of Columbia Circuit has held that a "district court *must* take into account all relevant facts related to a defendant's 'history and characteristics.'" *United States v. Delaney*, 651 F.3d 15, 16 (D.C. Cir. 2011) (emphasis added) (citing 18 U.S.C. § 3553(a)(1)). When considered in the context of his life, Mr. Ballard's history and characteristics weigh in favor of a variant sentence.

Thomas John Ballard was born on August 15, 1985 in Pontiac, Michigan. He was the first of three children born to his parents, Thomas Henry Ballard and Judith Ballard, who were married at the time of Mr. Ballard's birth. Mr. Ballard has two

siblings, Ashley, age 35, and Nicholas, age 33. Mr. Ballard's father is a 55-years-old veteran of the United States Army, who was employed at a Chrysler Motor Vehicle company, but has been out of work for over a year due to chronic illness. Mr. Ballard's mother died in 2011 when Mr. Ballard was 26 years old. At the time, Mr. Ballard's mother suffered from a heart attack, and died shortly after. The loss of his mother proved extremely difficult for Mr. Ballard, who shared a very deep and loving relationship with his mom.

Both of his parents were young when Mr. Ballard was born. His mother never graduated from high school, and she worked sporadically at fast food restaurants throughout her life. As a result, Mr. Ballard grew up in abject poverty. His parents relied upon government assistance in an attempt to make basic ends meet. Despite this assistance, the family experienced periods of homelessness. "As [Mr. Ballard] and his siblings grew, the defendant noted that his parents struggled to maintain discipline as [Mr. Ballard] and his brother stayed out and his sister would "lash out" and "scream" at their parents." PSR, at ¶ 47.

In 2004, Mr. Ballard graduated from Lincoln High School in Warren, Michigan. "In 2005, he completed a six-month vocational program from the University of Northwestern Ohio from which he earned an accreditation in Automotive Service Excellence." PSR, at ¶ 55.

Mr. Ballard and his family relocated to Arlington, Texas, in 2007. "As a child, while his father was enlisted in the United States Army, he temporarily resided with his family in Germany from 1988 to 1991." PSR, at ¶ 49. Upon the family's return to the United States, Mr. Ballard remained in the Arlington, Texas area where he stayed throughout his youth.

The neighborhoods in which Mr. Ballard grew up in exposed him to individuals suffering from serious substance abuse issues, and drug trafficking. He recalled, that on one occasion his "neighbor's residence exploded as its occupants used the residence as a methamphetamine laboratory." PSR. At ¶ 47. Mr. Ballard's own history of substance abuse is limited to alcohol and marijuana. However, he began using both alcohol and marijuana at the extremely young of 14. As an adult, Mr. Ballard's use of substances reduced dramatically.

While Mr. Ballard is unmarried and without children, he has remained in a deep and committed relationship with his fiancé Jill McCauley since 2007.

> Ms. McCauley described the defendant as a great person, down to earth, and honest. She noted that he is a hard worker and had two jobs. According to Ms. McCauley, the defendant is "open-minded" and she finds his dry sense of humor funny. Although she thought it would be impossible, she noted that the instant offense has drawn them closer, and she remains supportive of the defendant. Ms. McCauley believes that the defendant has learned from his mistakes and knows he will not repeat anything like that in the future.

PSR, at ¶ 48a.

B. *Employment History*

Mr. Ballard comes before the Court with a strong work history. He was employed from 2007 to 2012 as a maintenance technician for Domino's Pizza distribution center in Grand Prairie, Texas. He returned to this position in 2018, and remained employed until the time of his arrest in this case. From 2012 to 2018, Mr. Ballard was employed as a service technician for Ditch Witch in Fort Worth, Texas.

While consistently working full time for the companies described above, Mr. Ballard worked on the side offering tire-changing services. "As his services began to return a larger demand, in 2016, he established his business Cliff's Mobile Motorcycle Tires." PSR, at ¶ 59. During that time, Mr. Ballard also became an internet content creator as the owner of Cliff Cares YouTube channel. On Cliff Cares, Mr. Ballard creates videos of, among other topics, working on motorcycles and related content. Mr. Ballard demonstrates his automotive skill set while narrating the topics of his videos. Mr. Ballard has experienced success through his YouTube channel. He has garnered 2,400 subscribers, and his videos have been viewed tens of thousands of times.

Mr. Ballard will benefit from his long work history and his particular skill set. While no one has been able to operate Cliff's Mobile Motorcycle Tires or the Cliff Cares YouTube channel, Mr. Ballard will have employment opportunities through both endeavors immediately upon his release from incarceration.

C.  *Need to Avoid Unwarranted Sentencing Disparities*

Section 3553(a)(6) requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *United States v. Williams*, 773 F.3d 98, 108 (D.C. Cir. 2014) (citing 18 U.S.C. § 3553(a)(6)). In this case, a sentence at or below the advisory guidelines range followed by a period of supervised release addresses that consideration.

Judges of this Court have imposed similar sentences for January 6 defendants who, like Mr. Ballard, accepted responsibility and pled guilty to violations of 18 U.S.C. § 111(a) and (b). While each case has its own unique circumstances, Mr. Ballard respectfully submits the following cases for the Court's consideration.

- *United States v. Nicholas Laguerand*, No. 21-CR-353-JDB. Sentence imposed: 44 months' incarceration, 24 months supervised release, 60 hours of community service, and $2000 in restitution.

- *United States v. Nicholas J. Brockhoff*, No. 21-CR-00524-CKK. Sentence imposed: 36 months' incarceration; 36 months' supervise release; and $2,700 in restitution.

- *United States v. Gregory Nix,* No. 21-CR-00678-BAH. Sentence imposed: 42 months' incarceration; 24 months' supervise release; and $2,000 in restitution.

- *United States v. Beddingfield*, No. 22-CR-00066-CJN. Sentence imposed: 38 months' incarceration; 24 months' supervised release, and $2,000 in restitution.

- *United States v. Saul Llamas*, No. 23-CR-00020-TNM. Sentence imposed: 18 months' incarceration; 12 months of community service, and $500 in restitution.

For Mr. Ballard, a man with very little criminal history who has timely and completely accepted responsibility for his conduct, a sentence below the advisory guidelines range is sufficient but not greater than necessary in this case.

D. *Acceptance of Responsibility and Profound Remorse*

Mr. Ballard accepted responsibility before this Court with a genuine desire to atone for his conduct on January 6, 2021 and move past this shameful period of his life. Mr. Ballard intends to address this Court at the time of sentencing to express his remorse, and explain that he will never again be involved in similar conduct in the future. He asks that this Honorable Court consider his acceptance of responsibility when imposing a just sentence in this case.

## IV.   Conclusion

Mr. Ballard has accepted full responsibility for his offense conduct and stands ready for punishment. While his actions were incredibly serious, he has accepted responsibility, and already served a significant period of incarceration. Mr. Ballard is a man who is eminently redeemable. He is truly remorseful for his conduct on January 20, 2021. He is a man that will live a productive and law-abiding life upon his release. For these reasons, and the reasons stated throughout this memorandum, Mr. Ballard respectfully requests a sentence below the advisory guidelines range presented in this case.

        Respectfully submitted,

        /s/

        _____

        Michael E. Lawlor
        Nicholas G. Madiou
        Brennan, McKenna & Lawlor, Chtd.
        6305 Ivy Lane, Suite 700
        Greenbelt, Maryland 20770
        301.474.0044
        mlawlor@verizon.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 6, 2023, a copy of the foregoing was electronically filed, with a copy sent to counsel for the United States Attorney's Office for the District of Columbia.

        /s/

        _____

        Michael E. Lawlor